IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT § | |
| OPPORTUNITY COMMISSION, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:03-CV-2228-D |
| VS. § | |
| § | |
| SBC COMMUNICATIONS, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Equal Employment Opportunity Commission ("EEOC") sues defendant Southwestern Bell Telephone, LLP ("SWB"), alleging that SWB discriminated against one of its employees, Claire Pilant Hill ("Hill"), based on her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* SWB moves for summary judgment, and the court denies the motion.[1]

SWB employed Hill as a manager in its Business Sales Administration department. After she informed her supervisor and coworkers that she was pregnant, SWB transferred her from a management position supervising customer service representatives to one supervising service order writers. Hill did not want the transfer, and she perceived that it resulted from her pregnancy. She filed a charge of discrimination with EEOC, and it, in turn, brought this lawsuit.

SWB contends it is entitled to summary judgment because EEOC has not produced evidence

---

[1]Under § 205(a)(5) the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official court reporter, and should be understood accordingly.

to establish that Hill's transfer—which it contends is purely lateral—qualifies as an ultimate employment action as required for recovery under Title VII.[2] Assuming *arguendo* that EEOC must prove that the transfer in question meets this standard,[3] the court concludes there is sufficient objective evidence that the involuntary transfer was a demotion and thus an ultimate employment action.

EEOC may avoid summary judgment by showing that Hill's involuntary transfer can be objectively viewed as a demotion. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 284 (5th Cir. 2004) (addressing claim under 42 U.S.C. § 1981). It may do so by demonstrating that the new position was objectively worse. *See id.* at 283 ("We have previously held, as a matter of law, that under Title VII principles, an employment transfer may qualify as an 'adverse employment action' if the change makes the job 'objectively worse.'" (quoting *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 770 (5th Cir. 2001), and citing *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999)); *see Greene v. DaimlerChrysler Servs. of N. Am.*, 2005 WL 794927, at *3 (5th Cir. Apr. 8, 2005) (unpublished opinion) (Title VII retaliation claim); *Pickens v. Shell Tech. Ventures Inc.*, 118 Fed. Appx. 842, 848-49 (5th Cir. 2004) (unpublished opinion) (Title VII discrimination claim). EEOC has adduced deposition testimony of SWB employees that supports the finding that the job of supervising service order writers is objectively worse than that of supervising customer service

---

[2]SWB objects to portions of Hill's affidavit on the basis that her statements are conclusory and contradict her deposition testimony. The court overrules these objections as moot. Assuming *arguendo* that the portions of the affidavit to which SWB objects should be excluded, this would not alter the court's decision or reasoning.

[3]The court suggests no view on how it would rule on this issue in the context of a motion for judgment as a matter of law, presented with the benefit of additional argument and development of the evidentiary record.

representatives. Manager Carolyn Johnson testified that she did not know of any manager who sought to supervise service order writers. Terry Macias, who supervised all the managers, testified that she could not recall any manager who sought to supervise service order writers, but she estimated that there were between ten to fifteen managers who applied to supervise customer service representatives.[4]

Viewing this evidence in the light most favorable to EEOC as the nonmovant, and drawing all reasonable inferences in its favor, as the court must, *see, e.g., Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000), the court concludes that EEOC has adduced sufficient evidence to create a genuine issue of fact that Hill's transfer was a demotion. The Fifth Circuit has treated the rate at which employees seek transfer or contest involuntary transfer to particular positions as relevant in determining whether a position is objectively worse. *See Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996) (addressing claim under 42 U.S.C. § 1983) (noting that few officers voluntarily transferred from Intelligence Unit to night patrol); *Click v. Copeland*, 970 F.2d 106, 110 (5th Cir. 1992) (§ 1983 action) (noting that civil service director received eight appeals from involuntary transfers from law enforcement unit to detention unit, but only one appeal from transfer in other direction). A reasonable trier of fact could find that Hill was transferred to a position that was objectively worse than her previous job and that the transfer was a demotion.

SWB contends that, even if EEOC can show that Hill's pregnancy was a motivating factor in the employment decision, it is entitled to summary judgment because it would have transferred

---

[4]EEOC also points to the affidavit testimony of SWB employee Pamela Coston, who testified that she was "shocked" by Hill's transfer because she had never known of a customer service representative manager who was transferred or sought transfer to supervise service order writers. *See* P. App. 4. The court need not consider SWB's objection to this evidence because, even without it, EEOC can withstand summary judgment.

her anyway. SWB asserts only that it can "defeat [EEOC's] claim" on this basis. D. Br. at 19. Although this argument supports limiting the damages recovery, *see* 42 U.S.C. § 2000e-5(g)(2)(B), it does not defeat EEOC's claim.

SWB's December 1, 2004 motion for summary judgment is denied.

**SO ORDERED**.

April 19, 2005.

                                        SIDNEY A. FITZWATER
                                        UNITED STATES DISTRICT JUDGE